WO

SC

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Oscar Quintero, | No.  CV 20-01647-PHX-JAT (MTM) |
| Plaintiff, | |
| v. | **ORDER** |
| Benjamin Armstrong, et al., | |
| Defendants. | |

Plaintiff Oscar Quintero, who is confined in the Arizona State Prison Complex-Eyman, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1).  In a September 18, 2020 Order, the Court granted Plaintiff 30 days to either pay the $400 filing and administrative fees or file an Application to Proceed In Forma Pauperis (Doc. 4). Plaintiff subsequently paid the filing fee (Doc. 5).  The Court will dismiss the Complaint and this case.

## I.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)-(2).

A pleading must contain a "short and plain statement of the claim *showing* that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). Plaintiff's Complaint will be dismissed for failure to state a claim, but because it cannot be amended to state a claim, the Court will dismiss it without leave to amend.

## II.    Complaint

In his four count Complaint, Plaintiff asserts violations of his Sixth Amendment rights in state court proceedings. Plaintiff sues Arizona Court of Appeals Judge Benjamin Armstrong; Yuma Superior Court Clerk Lynn Fazz; and Assistant Yuma County Public

Defenders Eugene Marquez and Michael Breeze.  Plaintiff seeks injunctive relief.

Plaintiff alleges a violation of his Sixth Amendment rights in each count.  Plaintiff alleges in Counts I and II:

The Arizona Court of Appeals denied Plaintiff's motion to waive his right to counsel in his appeals case because Plaintiff did not file the motion until more than 30 days after he filed his notice of appeal.  Plaintiff could not file his motion within 30 days because he was being processed as a prisoner and lacked the ability to communicate with the Court.  Plaintiff contends that the Arizona Court of Appeals overlooked his explanation.  As his injury, Plaintiff alleges that he could not challenge his conviction and sentence as he wished and claims that he was represented by ineffective counsel.

In Count III, Plaintiff alleges that he submitted a request to the Yuma County Superior Court and the Yuma County Public Defender to send him his case records, but each has failed to do so.  As his injury, Plaintiff alleges that he was unable to raise his issues in the Arizona Court of Appeals and challenge his conviction and sentence as he wished.

In Count IV, Plaintiff alleges the following:

Defendants Marquez and Breeze failed to file a notice of direct appeal as Plaintiff asked them to.  Marquez was Plaintiff's trial counsel.  Plaintiff wanted to file a petition for post-conviction relief under Rule 32 of the Arizona Rules of Criminal Procedure.  Both misled Plaintiff and pressed him not to communicate with the Superior Court about his desire to file a post-conviction petition.  On one occasion, Breeze told Plaintiff that if he said what he wanted to say in court, it would hurt his defense and the court would not grant his request.  On the same occasion, Marquez told Plaintiff not to write to the judge because the judge would ignore it and forward the letter to the state and hurt Plaintiff's defense.  As his injury, Plaintiff states that Marquez filed a notice of appeal under Rule 31 of the Arizona Rules of Criminal Procedure in which he suppressed facts that Plaintiff did not want suppressed and failed to raise issues that Plaintiff wanted raised, i.e., ineffective assistance of counsel.

**Background**

Plaintiff was convicted by a jury of one count each of first-degree murder and attempted first-degree murder, and three counts of aggravated assault. *State v. Quintero*, No. 1 CA-CR 19-0578, 2020 WL 5641203, at *1 (Ariz. Ct. App. Sept. 22, 2020). The trial court imposed a combination of concurrent and consecutive sentences, with the longest being natural life for the murder conviction. *Id.* On direct appeal, the Arizona Court of Appeals affirmed the convictions and sentences as modified. *Id.* Specifically, upon the State's concession, the judgment of guilt and the sentencing order were modified to reflect that two aggravated assault counts were merged into a single count and the conviction and sentence for one assault count was vacated. *Id.*

**III.   Failure to State a Claim**

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

**A.   Defendants Marquez and Breeze**

Plaintiff sues Defendants Marquez and Breeze, two Assistant Yuma County Public Defenders, concerning their representation of him in his state criminal proceedings. To state a claim under § 1983, a plaintiff must allege facts to support that a defendant acted under color of state law. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005). "[U]nder color of state law" is the equivalent of the "state action" requirement under the Constitution. *Lugar v. Edmondson Oil Co, Inc.*, 457 U.S. 922, 928 (1982); *Jensen v. Lane County*, 222 F.3d 570, 574 (9th Cir. 2000) (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *West v. Atkins*, 487 U.S. 42, 49 (1988)). That is, "[a]cting under

color of state law is 'a jurisdictional requisite for a § 1983 action.'" *Gritchen v. Collier*, 254 F.3d 807, 812 (9th Cir. 2001) (quoting *West*, 487 U.S. at 46). Whether an attorney representing a criminal defendant is privately retained, a public defender, or court-appointed counsel, he does not act under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 317- 18 (1981); *Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc).

Marquez and Breeze were public defenders who represented Plaintiff in his state criminal proceedings. As such, neither acted under color of state law. Accordingly, Plaintiff fails to state a claim against either of them; they will be dismissed.

### B.    Defendant Armstrong

Plaintiff also sues Judge Armstrong. Judges are absolutely immune from damages for all judicial acts performed within their subject-matter jurisdiction, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006); *Harvey v. Waldron*, 210 F.3d 1008, 1012 (9th Cir. 2000). An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in the judge's judicial capacity. *Stump*, 435 U.S. at 362; *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990). Such immunity also "extends to actions for declaratory, injunctive and other equitable relief." *Mullis v. Bankruptcy Court for the Dist. of Nev.*, 828 F.2d 1385, 1394 (9th Cir. 1987). Accordingly, Plaintiff has failed to state a claim against Defendant Armstrong, and this Defendant will be dismissed.

### C.    Defendant Fazz

Plaintiff also sues Yuma County Superior Court Clerk Fazz. "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1390 (9th Cir. 1987). Plaintiff's allegations against Fazz fall under this category. Accordingly, Defendant Fazz will be dismissed based on absolute quasi-judicial immunity.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### D. *Heck v. Humphrey*

A prisoner's claim for damages cannot be brought under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner demonstrates that the conviction or sentence has previously been reversed, expunged, or otherwise invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). While an individual may challenge a parole term that was not imposed as part of the criminal judgment, he may not bring a claim that would invalidate any portion of that sentence. *Thornton v. Brown*, 757 F.3d 834, 843 (9th Cir. 2013); *Chico Scrap Metal, Inc. v. Robinson*, 560 F. App'x 650, 651 (9th Cir. 2014). Plaintiff's claims of ineffective assistance of counsel, if successful, would imply the invalidity of his conviction, which has not been shown to have been reversed, expunged, or otherwise invalidated. Accordingly, Plaintiff's claims are barred as not yet having accrued by *Heck* to the extent that Plaintiff alleges that he received the ineffective assistance of counsel.

### IV. Habeas Corpus Relief

Plaintiff appears to be attempting to challenge his state convictions and sentences. "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . ." *Muhammad v. Close*, 540 U.S. 749, 750 (2004). Thus, if Plaintiff wishes to challenge his convictions or sentences, he may do so by commencing a new case by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254.[1] However, before a federal district court may grant habeas corpus relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

An Arizona prisoner sentenced to less than the death penalty may exhaust his federal claims by presenting them in a procedurally proper way to the Arizona Court of Appeals on direct appeal (non-IAC claims) *and* in post-conviction proceedings (IAC claims).[2] To

---

[1] Federal habeas corpus relief is available "only on the ground that [a prisoner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

[2] If state post-conviction relief is denied by the trial court, an Arizona prisoner *must*

exhaust a claim, a petitioner must describe "both the operative facts and the federal legal theory on which his claim is based so that the state courts [can] have a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (quoting *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003), *overruled in part on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007)).  The failure to exhaust subjects a habeas corpus petition to dismissal.  *See Gutierrez v. Griggs*, 695 F.2d 1195, 1197 (9th Cir. 1983).

Plaintiff is informed that a one-year statute of limitation to file a federal habeas corpus petition runs from the latter of "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1), *excluding* "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see Woodford v. Garceau*, 538 U.S. 202, 206-207 (2003); *Isley v. Ariz. Dep't of Corr.*, 383 F.3d 1054, 1055 (2004).[3]

**IT IS ORDERED:**

(1)    The Complaint (Doc. 1) and this action are **dismissed** as not yet having accrued under *Heck v. Humphrey*.

(2)    The Clerk of Court must enter a judgment of dismissal of this action without prejudice.

(3)    The Clerk of Court must mail Plaintiff a court-approved form for filing a

---

then seek review in the Arizona Court of Appeals in order to fully exhaust any federal claim raised in a petition for post-conviction relief.  A petitioner sentenced to less than death does *not* need to seek discretionary review in the Arizona Supreme Court if the Arizona Court of Appeals denies relief on a petition for review.  *Crowell v. Knowles*, 483 F. Supp. 2d 925, 928-30, 933 (D. Ariz. 2007) (following 1989 statutory amendment, Arizona Court of Appeals has jurisdiction over criminal convictions involving less than a death sentence); *cf. Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999) (citing pre-1989 statute).

[3] Plaintiff should assess whether he complied with state filing rules in any Rule 32 proceedings because, although the one-year statute of limitations for filing a habeas corpus case is tolled during the pendency of a *properly filed* application for state post-conviction relief and a properly filed petition for review from the denial of Rule 32 relief, the one-year statute of limitations is *not* tolled for the period during the pendency of an *improperly filed* Rule 32 proceeding or an *improperly filed* petition for review.

1    petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an Application to

2    Proceed In Forma Pauperis (Habeas).

3           Dated this 3rd day of December, 2020.

4

5

6                                                      _____

7                                                      James A. Teilborg
                                                       Senior United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instructions for Filing a Petition Under 28 U.S.C. § 2254**
**for a Writ of Habeas Corpus by a Person in State Custody**
**in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.   To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court.   You are asking for relief from the conviction or the sentence on the grounds that your conviction or sentence violates the United States Constitution or other federal law.   You also may use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.   **This form should not be used in death penalty cases.**   If you were sentenced to death, you are entitled to the assistance of counsel and you should request the appointment of counsel.

2. <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.5(a) provides that habeas corpus petitions must be filed on the court-approved form.**   The form must be typed or neatly handwritten.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages.   The form, however, must be completely filled in to the extent applicable.   You do not need to cite law.   If you want to file a brief or arguments, you must attach a separate memorandum.

3. <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.   The filing fee for this action is $5.00.   If you are unable to pay the filing fee, you may request permission to proceed in forma pauperis by completing and signing the Application to Proceed In Forma Pauperis provided with the petition form.   You must have an official at the prison or jail complete the certificate at the bottom of the application form.   If the amount of money in your account exceeds $25.00, you must pay the $5.00 filing fee.   LRCiv 3.5(b).

5. <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your petition and of any other document submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6. <u>Where to File</u>.   You should **file your petition in the division where you were convicted**. *See* LRCiv 5.1(b).   If you are challenging a judgment of conviction entered in Maricopa, Pinal, Yuma, La Paz, or Gila County, file your petition in the Phoenix Division.   If you are challenging a judgment of conviction entered in Apache, Navajo, Coconino, Mohave, or Yavapai County, file your petition in the Prescott Division.   If you are challenging a judgment of conviction entered in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file your petition in the Tucson Division. *See* LRCiv 5.1(b) and 77.1(a).

**Mail the original and one copy of your petition with the $5.00 filing fee or the application to proceed in forma pauperis to:**

Phoenix & Prescott Divisions:                 **OR**          Tucson Division:
U.S. District Court Clerk                                            U.S. District Court Clerk
U.S. Courthouse, Suite 130                                      U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10                      405 West Congress Street
Phoenix, Arizona   85003-2119                              Tucson, Arizona   85701-5010

7.  Change of Address.  You must immediately notify the Court and respondents in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  Certificate of Service.  You must provide the respondents with a copy of any document you submit to the Court (except the initial petition and application to proceed in forma pauperis). Each original document (except the initial petition and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the respondents and the address to which it was mailed.  Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name:   _____
Address:_____
                    Attorney for Respondent(s)

_____
(Signature)

9.  Amended Petition.  If you need to change any of the information in the initial petition, you must file an amended petition.  The amended petition must be written on the court-approved petition for writ of habeas corpus form.  You may amend your pleading once without leave (permission) of Court within 21 days after serving it or within 21 days after any respondent has filed an answer, whichever is earlier.  *See* Fed. R. Civ. P. 15(a).  Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended petition.  LRCiv 15.1.  An amended petition may not incorporate by reference any part of your prior petition.  LRCiv 15.1(a)(2).  **Any grounds not included in the amended petition are considered dismissed**.

10.  Exhibits.  If available, you should attach a copy of all state and federal court written decisions regarding the conviction you are challenging. **Do not submit any other exhibits with the petition.**  Instead, you should paraphrase the relevant information in the petition.  The respondents are obligated to provide relevant portions of the record.

2

Any exhibits you attach should be individually labeled (e.g. "Exhibit 1," "Exhibit 2," etc.) and attached at the **end** of your petition.   **Exhibits should not be placed in the middle of your petition.**

11.   <u>Letters and Motions</u>.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.   <u>Warnings</u>.

    a.   <u>Judgment Entered by a Single Court</u>.   You may challenge the judgment entered by only one court.   Multiple counts which resulted in a judgment by the same court may be challenged in the same petition.   If you wish to challenge judgments entered by more than one court, however, you must file separate petitions for each judgment.

    b.   <u>Grounds for Relief</u>.   You must raise all grounds for relief that relate to this conviction or sentence.   Any grounds not raised in this petition will likely be barred from being raised in any subsequent federal action.

    c.   <u>Exhaustion</u>.   In order to proceed in federal court, you ordinarily must exhaust the remedies available to you in the state courts as to each claim on which you request action by the federal court.   If you did not fairly present each of your grounds to the Arizona Court of Appeals, your petition may be dismissed.   If you did not present one or more of your grounds to the Arizona Court of Appeals, explain why you did not.

### FINAL NOTE

You should follow these instructions carefully.   Failure to do so may result in your petition being stricken or dismissed by the Court.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach additional pages.   But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the petition is being continued and number all pages.

_____

Name and Prisoner/Booking Number

_____

Place of Confinement

_____

Mailing Address

_____

City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,

(Full Name of Petitioner)

                    Petitioner,

v.

_____ ,

(Name of the Director of the Department of Corrections, Jailor or authorized person having custody of Petitioner),

                    Respondent,
                    and
The Attorney General of the State of _____ ,

                    Additional Respondent.

**CASE NO**. _____

(To be supplied by the Clerk)

**PETITION UNDER 28 U.S.C. § 2254
FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY
(NON-DEATH PENALTY)**

## PETITION

1.   (a)   Name and location of court that entered the judgment of conviction you are challenging: _____

_____

_____

    (b)   Criminal docket or case number: _____

2.   Date of judgment of conviction: _____

3.   In this case, were you convicted on more than one count or crime?      Yes ☐          No ☐

Revised 3/15/16                                        1

**530**

4.   Identify all counts and crimes for which you were convicted and sentenced in this case: _____

_____

_____

_____

5.   Length of sentence for each count or crime for which you were convicted in this case: _____

_____

_____

_____

6.   (a)  What was your plea?

      Not guilty                          ☐

      Guilty                                  ☐

      Nolo contendere (no contest)    ☐

(b)   If you entered a guilty plea to one count or charge, and a not guilty plea to another count or charge, give details: _____

_____

_____

_____

(c)   If you went to trial, what kind of trial did you have?   (Check one) Jury ☐ Judge only ☐

7.   Did you testify at the trial?      Yes ☐         No ☐

8.   Did you file a direct appeal to the Arizona Court of Appeals from the judgment of conviction?
    Yes ☐     No ☐

If yes, answer the following:

(a)   Date you filed: _____

(b)   Docket or case number: _____

(c)   Result: _____

(d)   Date of result: _____

(e)   Grounds raised: _____

_____

_____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

9.  Did you appeal to the Arizona Supreme Court?   Yes ☐          No ☐

    If yes, answer the following:

    (a)  Date you filed: _____

    (b)  Docket or case number: _____

    (c)  Result: _____

    (d)  Date of result: _____

    (e)  Grounds raised: _____

    _____

    _____

    _____

    _____

    **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

10. Did you file a petition for certiorari in the United States Supreme Court?      Yes ☐      No ☐

    If yes, answer the following:

    (a)  Date you filed: _____

    (b)  Docket or case number: _____

    (c)  Result: _____

    (d)  Date of result: _____

    (e)  Grounds raised: _____

    _____

    _____

    _____

    _____

    **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

11. Other than the direct appeals listed above, have you filed any other petitions, applications or motions concerning this judgment of conviction in any state court?   Yes ☐          No ☐

    If yes, answer the following:

3

(a)  First Petition.

    (1)  Date you filed: _____

    (2)  Name of court: _____

    (3)  Nature of the proceeding (Rule 32, special action or habeas corpus): _____

    (4)  Docket or case number: _____

    (5)  Result: _____

    (6)  Date of result: _____

    (7)  Grounds raised: _____

    _____

    _____

    _____

    _____

    _____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(b)  Second Petition.

    (1)  Date you filed: _____

    (2)  Name of court: _____

    (3)  Nature of the proceeding (Rule 32, special action or habeas corpus): _____

    (4)  Docket or case number: _____

    (5)  Result: _____

    (6)  Date of result: _____

    (7)  Grounds raised: _____

    _____

    _____

    _____

    _____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

4

(c)   Third Petition.

(1)   Date you filed: _____

(2)   Name of court: _____

(3)   Nature of the proceeding (Rule 32, special action or habeas corpus): _____

(4)   Docket or case number: _____

(5)   Result: _____

(6)   Date of result: _____

(7)   Grounds raised: _____

_____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(d)   Did you appeal the action taken on your petition, application, or motion to the:

|  | <u>Arizona Court of Appeals:</u> | | <u>Arizona Supreme Court:</u> | |
|---|---|---|---|---|
| (1)   First petition: | Yes ☐ | No ☐ | Yes ☐ | No ☐ |
| (2)   Second petition: | Yes ☐ | No ☐ | Yes ☐ | No ☐ |
| (3)   Third petition | Yes ☐ | No ☐ | Yes ☐ | No ☐ |

(e)   If you did not appeal to the Arizona Court of Appeals, explain why you did not: _____

_____

_____

_____

_____

_____

12. For this petition, **state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States**. Attach additional pages if you have more than four grounds.   State the <u>facts</u> supporting each ground.

**CAUTION:**   To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.   Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE**: _____

_____

_____

_____

_____

(a)   Supporting FACTS (Do not argue or cite law.   Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) Did you present the issue raised in Ground One to the Arizona Court of Appeals?   Yes ☐          No ☐

(c) If yes, did you present the issue in a:
    Direct appeal   ☐
    First petition    ☐
    Second petition  ☐
    Third petition   ☐

(d)   If you did not present the issue in Ground One to the Arizona Court of Appeals, explain why: _____

_____

_____

_____

(e) Did you present the issue raised in Ground One to the Arizona Supreme Court?   Yes ☐          No ☐

**GROUND TWO**: _____

_____

_____

_____

_____

    (a)   Supporting FACTS (Do not argue or cite law.   Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) Did you present the issue raised in Ground Two to the Arizona Court of Appeals?   Yes ☐          No ☐

(c) If yes, did you present the issue in a:
        Direct appeal       ☐
        First petition       ☐
        Second petition    ☐
        Third petition      ☐

(d)   If you did not present the issue in Ground Two to the Arizona Court of Appeals, explain why: _____

_____

_____

_____

(e) Did you present the issue raised in Ground Two to the Arizona Supreme Court?   Yes ☐          No ☐

7

**GROUND THREE**: _____

_____

_____

_____

_____

(a)   Supporting FACTS (Do not argue or cite law.   Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) Did you present the issue raised in Ground Three to the Arizona Court of Appeals?   Yes ☐          No ☐

(c) If yes, did you present the issue in a:
       Direct appeal            ☐
       First petition           ☐
       Second petition          ☐
       Third petition           ☐

(d)   If you did not present the issue in Ground Three to the Arizona Court of Appeals, explain why: _____

_____

_____

_____

(e) Did you present the issue raised in Ground Three to the Arizona Supreme Court?   Yes ☐          No ☐

8

**GROUND FOUR**: _____

_____

_____

_____

_____

(a)   Supporting FACTS (Do not argue or cite law.   Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) Did you present the issue raised in Ground Four to the Arizona Court of Appeals?   Yes ☐        No ☐

(c) If yes, did you present the issue in a:
Direct appeal          ☐
First petition          ☐
Second petition        ☐
Third petition          ☐

(d)   If you did not present the issue in Ground Four to the Arizona Court of Appeals, explain why: _____

_____

_____

_____

(e) Did you present the issue raised in Ground Four to the Arizona Supreme Court?   Yes ☐        No ☐

**Please answer these additional questions about this petition:**

13. Have you previously filed any type of petition, application or motion in a federal court regarding the conviction that you challenge in this petition?        Yes ☐        No ☐

If yes, give the date of filing, the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.   Attach a copy of any court opinion or order, if available: _____

_____

_____

_____

_____

_____

14. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, as to the judgment you are challenging?        Yes ☐        No ☐

If yes, give the date of filing, the name and location of the court, the docket or case number, the type of proceeding, and the issues raised: _____

_____

_____

_____

_____

_____

15. Do you have any future sentence to serve after you complete the sentence imposed by the judgment you are challenging?   Yes ☐        No ☐

If yes, answer the following:

(a) Name and location of the court that imposed the sentence to be served in the future:

_____

_____

_____

(b)   Date that the other sentence was imposed: _____

(c)   Length of the other sentence: _____

(d)   Have you filed, or do you plan to file, any petition challenging the judgment or sentence to be served in the future?        Yes ☐        No ☐

10

16. TIMELINESS OF PETITION: If your judgment of conviction became final more than one year ago, you must explain why the one-year statute of limitations in 28 U.S.C. § 2244(d) does not bar your petition.*

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

\*Section 2244(d) provides in part that:

(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of-

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

17. Petitioner asks that the Court grant the following relief: _____

_____

_____

or any other relief to which Petitioner may be entitled.  (Money damages are not available in habeas corpus cases.)


I declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____(month, day, year).


_____

**Signature of Petitioner**


_____          _____

Signature of attorney, if any                                    Date

11

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,

Petitioner,

v.

_____ ,

Respondent(s).

CASE NO. _____

**APPLICATION TO PROCEED
IN FORMA PAUPERIS
BY A PRISONER
(HABEAS)**

I, _____, declare, in support of my request to proceed in the above entitled case without prepayment of fees under 28 U.S.C. § 1915, that I am unable to pay the fees for these proceedings or to give security therefor and that I believe I am entitled to relief.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently employed at the institution where you are confined?          ☐Yes          ☐No
   If "Yes," state the amount of your pay and where you work.   _____
   _____
   _____

2. Do you receive any other payments from the institution where you are confined?   ☐Yes          ☐No
   If "Yes," state the source and amount of the payments.   _____
   _____
   _____

Revised 3/15/16

1

3.  Do you have any other sources of income, savings, or assets either inside or outside of the institution where you are confined?                                                      ☐Yes        ☐No
    If "Yes," state the sources and amounts of the income, savings, or assets. _____
    _____
    _____

I declare under penalty of perjury that the above information is true and correct.

_____                    _____
            DATE                                                        SIGNATURE OF APPLICANT

CERTIFICATE OF CORRECTIONAL OFFICIAL
AS TO STATUS OF APPLICANT'S TRUST ACCOUNT

I, _____, certify that as of the date applicant signed this application:
            (Printed name of official)

The applicant's trust account balance at this institution is:   $_____.

_____
DATE                    AUTHORIZED SIGNATURE            TITLE/ID NUMBER            INSTITUTION

2